In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-404 CR


____________________



ELIJAH WHITE RATCLIFF, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 258th District Court


Polk County, Texas


Trial Cause No. 18,176






 MEMORANDUM OPINION


 In 2005, a jury found Elijah White Ratcliff guilty of insurance fraud. Ratcliff v. State,
No. 09-05-480 CR, 2006 WL 891161, at *1 (Tex. App.-Beaumont Apr. 5, 2006, pet. ref'd)
(not designated for publication). After assessing Ratcliff's punishment at two years'
confinement, the trial court suspended the sentence and placed Ratcliff on community
supervision for five years. Ratcliff appealed his conviction and requested a free record. Id. 
The trial court denied his request for indigent status after he refused to testify in support of
his request. Id. We affirmed the trial court's ruling on Ratcliff's record request and notified
the parties that the appeal would be dismissed for want of prosecution unless the appellate
record was filed by a specified date. Id. Because the record was not filed and because we
received no satisfactory explanation for Ratcliff's failure to file the record, we dismissed the
appeal in 2006 for want of prosecution. Id.

 In 2007, the State filed a motion to revoke Ratcliff's community supervision alleging
that he had violated four conditions imposed by the trial court. At the revocation hearing,
Ratcliff pled "not true" to each allegation. At the conclusion of testimony from both parties,
the trial court revoked Ratcliff's community supervision and sentenced him to two years'
confinement in the State Jail Division of the Texas Department of Criminal Justice. Ratcliff
appeals.

 Ratcliff's appellate counsel filed an Anders brief. See Anders v. California, 386 U.S.
738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's brief meets the Anders requirements
by presenting a professional evaluation of the record that demonstrates why there are no
arguable grounds to be advanced. See High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App.
1978). Counsel provided Ratcliff with a copy of the brief. Subsequently, we granted an
extension of time for Ratcliff to file a pro se brief, and he did so. On appeal, Ratcliff raises
two issues: he contends that his conviction for insurance fraud was void and that this Court
has jurisdiction to reverse and render judgment in his favor.

 In addressing an Anders brief and pro se response, a court of appeals may only
determine (1) that the appeal is wholly frivolous and issue an opinion explaining that we have
reviewed the record and find no reversible error, or (2) that arguable grounds for appeal exist
and remand the cause to the trial court so that new counsel may be appointed to brief the
issues. Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Having reviewed
the clerk's record, the reporter's record, counsel's brief, and appellant's pro se briefs, we agree
that the appeal is frivolous. See id. Therefore, we find it unnecessary to order appointment
of new counsel to re-brief the appeal. Compare Stafford v. State, 813 S.W.2d 503, 511 (Tex.
Crim. App. 1991). We affirm the trial court's judgment. (1)

AFFIRMED.

 ______________________________

 HOLLIS HORTON

 Justice


Submitted on December 4, 2008

Opinion Delivered December 17, 2008

Do Not Publish


Before Gaultney, Kreger, and Horton, JJ.
1. Ratcliff may challenge our decision in this case by filing a petition for discretionary
review. See Tex. R. App. P. 68; Bledsoe, 178 S.W.3d at 827.